The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72501
Dear Senator Bell,
This is in response to your request, on behalf of a chancery and probate judge, for an opinion on the following question:
 After a divorce, and an award of custody, the non-custodial parent (the mother) moves to another judicial district. She has summer visitation and a dispute arises between her and her ex-husband as to when she is to return the child. The father gets an ex-parte order from the judge who granted the divorce which orders the sheriff in the county of residence of the mother, which is not in the judge's judicial district, to pick up and deliver the child to the father. By what authority can the judge issue such an order?
After reviewing your request and the letter from the chancery and probate judge, I am of the opinion that any attempt to address your question would violate this office's long-standing policy against questioning the judgments of courts. See, e.g., Ops. Att'y Gen. 95-122; 93-363; 93-277; 93-323 and 91-009. My policy on such matters is compelled, primarily, by the separation of powers doctrine. See Ark. Const., art. 4, §§ 1 and 2. The judicial power of the State is vested in the courts. Ark. Const. art. 7, § 1. Where questions exist surrounding the propriety of judicial actions that have been taken in relation to particular matters, I believe that the remedies available within the judicial forum are more appropriate than the issuance of an opinion from my office. Such an opinion would, under the circumstances, constitute little more than an executive comment on matters appropriately within the judicial branch. See Op. Att'y Gen. 89-223. Nothing short of a final decision by the proper court can resolve such matters. Pursuant to these principles, I would suggest that any challenges to the order you describe be made judicially.
Sincerely,
WINSTON BRYANT Attorney General
WB/cyh